UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARL SEVIN                                    CIVIL ACTION

VERSUS                                        19-13352

D & S MARINE SERVICES,                        SECTION: "J" (2)
LLC, ET AL

## ORDER & REASONS

Before the Court is a *Motion for Judgment on the Pleadings* **(Rec. Doc. 11)** filed by Defendant, Kirby Inland Marine, L.P. ("Kirby"), an opposition thereto (Rec. Doc. 12) filed by Plaintiff, Carl Sevin ("Plaintiff"), and a reply (Rec. Doc. 15) from Kirby. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**, but Plaintiff shall be given an opportunity to amend his complaint.

## FACTS AND PROCEDURAL BACKGROUND

The instant litigation arises out of an alleged back injury suffered by Plaintiff on July 10, 2019 while working aboard the M/V ANNA MICHAEL.[1]  The M/V ANNA MICHAEL was owned and operated by D & S Marine Services, LLC ("D & S") at the time of the accident. D & S was also Plaintiff's employer. Kirby's only connection to the case is Plaintiff's allegation that the accident occurred "while Plaintiff was working with a rope/line provided by" Kirby.[2] Plaintiff provides no other details about Kirby, Kirby's rope, or the accident itself.

On October 30, 2019, Plaintiff filed suit against Defendants Kirby and D&S alleging violations of the Jones Act and General Maritime Law. On April 30, 2020, Kirby filed the present Motion for Judgment on the Pleadings.

---

[1] All facts relating to the incident are taken from Plaintiff's Seaman Complaint (Rec. Doc. 1).
[2] For the sake if brevity, this opinion will refer to the piece of equipment provided by Kirby as simply a "rope."

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Courts evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## DISCUSSION

As an antecedent matter, it is undisputed that D&S is both the owner of the M/V ANNA MICHAEL and Plaintiff's Jones Act Employer. (Rec. Doc. 7). Kirby is neither. As such, Plaintiff cannot assert a Jones Act or seaworthiness claim against Kirby. Plaintiff argues that his complaint properly alleges a negligence claim against Kirby under General Maritime Law.

A proper negligence claim under General Maritime Law must meet four elements. It must be established that the defendant owed a duty to the plaintiff, that the defendant breached that duty, that the plaintiff suffered injury, and finally that the plaintiff's injury was caused by the defendant's breach of its duty. *See In re: Great Lakes Dredge & Dock Co.*, 624 F .3d at 211 (citing *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000)). Plaintiff posits his complaint satisfies the *Iqbal* factual pleading standard as regards a General Maritime negligence claim by alleging that Kirby is liable for "fail[ure] to provide a duty of reasonable care; fail[ure] to provide minimum safety requirements; failing to provide adequate equipment; and fail[ure] to provide adequate personnel." (Rec. Doc. 12 at 2). The Court is not persuaded by Plaintiff's argument.

Plaintiff's purported "factual" allegations are precisely the sort of "conclusory allegations or legal conclusions masquerading as factual conclusions" that will not defeat a motion to dismiss. *Taylor*, 296 F.3d at 378. According to the complaint, the only relationship Kirby has to the accident is as the supplier of the rope. Plaintiff provides no facts allowing the Court to reasonably infer that Kirby had a duty or breached a duty vis a vis Plaintiff's activity aboard the M/V ANNA MICHAEL.

Reading Plaintiff's complaint as generously as possible, the closest he comes to pleading a valid claim against Kirby is via the theory of products liability. Products liability has been conclusively recognized as part of General Maritime Law. *E. River S.S. Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 865, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). The majority of courts, including the Supreme Court, Fifth Circuit, and other sections of this Court, utilize Section 402a of the Restatement (Second) of Torts to determine the efficacy of a products liability claim under General Maritime Law. *See e.g. Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875, 117 S.Ct. 1783, 138 L.Ed.2d 76 (1997); Pavlides v. Galveston Yacht Basin, Inc., 727 F.2d 330 (5th Cir.1984); *Cargill, Inc. v. Degesch America, Inc.*, 875 F.Supp.2d 667 (E.D.La.2012).

Section 402(a) states, in pertinent part:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

It is hardly a stretch, even based on the paucity of facts contained in Plaintiff's complaint, for the Court to infer a factual scenario in which Section 402(a) applies to Kirby as the provider of the rope. Nevertheless, Plaintiff's complaint still lacks enough facts to survive the present motion to dismiss as, at its most basic level, it fails to allege that Kirby is a "seller" of the rope under Section 402(a).[3] Furthermore, Plaintiff has failed to even allege that Kirby's rope was defective or unreasonably dangerous in some fashion. Moreover, Plaintiff must state with *some* level of specificity how the rope's defectiveness contributed to his injury. *See Anderson v. U.S. Dept. of Housing and Urban Dev.,* 554 F.3d 525, 528 (5th Cir. 2008) ("[A plaintiff] must do more than name laws that may have been violated, [he] must also allege facts regarding what conduct violated those laws.").

In sum, Plaintiff's complaint fails to properly state a claim for two reasons. One, because it does not provide any facts from which the Court can infer that Kirby had a duty to Plaintiff as a seaman aboard the M/V ANNA MICHAEL, whether that be as a seller under Section 402(a) or some other relationship relevant under General Maritime Law. Secondly, and more fatally, Plaintiff's complaint fails to allege any facts sufficient to infer misconduct or breach on the part of Kirby, either the defectiveness of the rope under Section 402(a) or more general tort misconduct, such as Kirby's knowledge of a danger caused by the rope and subsequent failure to act reasonably.

Nevertheless, the Court is cognizant that it should freely give Plaintiff leave to amend his complaint as long as doing so would not be futile. *See Stripling v. Jordan*

---

[3] It is, of course, possible that Kirby is not a "seller" of rope within the meaning of Section 402(a), but that uncertainty merely underscores the dearth of facts in Plaintiff's complaint.

4

*Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th. Cir. 2000). The Court disagrees with Kirby's contention that an opportunity to amend would be futile in this case. Amendment is futile in matters where the plaintiff's complaint evinces a situation in which liability is a factual or legal impossibility. Such is not the case here. As the Court noted above, there are multiple factual scenarios where Kirby, as the provider of the rope, could be at least comparatively liable for Plaintiff's injury. Because the only relevant fact provided in the complaint is that Kirby provided the rope used during the accident, the Court cannot say Kirby's liability in this case is legally or factually impossible.

Recognizing this, Kirby attempts to supplement its argument by providing Plaintiff's answers to certain interrogatories. These interrogatories asked Plaintiff to "state with specificity how the accident occurred" and to "specify all facts upon which his negligence claims were based." (Rec. Doc. 15 at 8). In Plaintiff's answers he once again failed to mention with specificity how the rope was defective or inadequate. Kirby asserts these interrogatory answers support denying Plaintiff leave to amend.

The Court disagrees for two reasons. First and foremost, Kirby's present motion is for a Judgment on the Pleadings, and as such Plaintiff's interrogatory answers are irrelevant. Secondly, even if the Court were to consider Plaintiff's answers solely for the purpose of whether amendment is futile, Plaintiff's answers do not contain anything to indicate that Kirby's liability is a legal or factual impossibility.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Judgment on the Pleadings* **(Rec. Doc. 11)** filed by Defendant, Kirby Inland Marine, L.P., is **GRANTED** inasmuch as Plaintiff has failed to state a claim upon which relief can be granted. However,

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days from the issuance of this Order to file an amended complaint addressing the deficiencies

identified herein. If Plaintiff fails to do so then the matter will be dismissed with prejudice.

 New Orleans, Louisiana this 2nd day of June, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE